**HKM EMPLOYMENT ATTORNEYS**
John J. Ziegelmeyer III  MO No. 59042
Brad K. Thoenen   MO No. 59778
Kevin A. Todd  MO No. 73048
Ethan A. Crockett  MO No. 74921
Shifa Alkhatib AZ No. 031149
Sandra L. Jonas AZ No. 035824

**Kansas City Office:**
1600 Genessee
Suite 754
Kansas City, MO 64102
Tel: 816.875.3332

**PHOENIX OFFICE:**
1 N. 1st Street, Suite 711
Phoenix, Arizona 85004
Phone/Fax: (480) 930-4747
jziegelmeyer@hkm.com
bthoenen@hkm.com
ktodd@hkm.com
ecrockett@hkm.com
sjonas@hkm.com
salkhatib@hkm.com

**The Hodgson Law Firm, LLC**

Michael Hodgson   MO Bar No. 63677
3609 SW Pryor Road
Lee's Summit, MO 64082
Tel: 816.600-0117
Fax: 816.600-0137
mike@thehodgsonlawfirm.com
*Attorneys for Plaintiff*

//
//
//
//
//
//
//

COMPLAINT - 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| SHARON MCLELLAN, *on behalf of herself and all others similarly situated*, | Case No.: |
| *Plaintiffs,* | |
| v. | |
| NORTH RESTAURANTS LLC, | CLASS ACTION<br>COLLECTIVE ACTION |
| *Defendant.* | |

## COMPLAINT

Sharon McLellan ("Named Plaintiff"), on behalf of herself and all others similarly situated (collectively "Plaintiffs"), by and through counsel, and for her complaint against North Restaurants, LLC ("North," "Defendant" or "North Restaurant Group"), hereby states and alleges as follows.

### PRELIMINARY STATEMENT

1. Plaintiff, on behalf of herself and all others similarly situated, brings this action against North Restaurants, LLC for unpaid minimum wage and overtime compensation and related penalties and damages.

2. North Restaurants operates 38 locations in 14 different states nationwide.

3. At all times relevant to this action, North Restaurants shared common ownership and control. Accordingly, North Restaurants adopted substantially similar wage payment policies at each location throughout the country.

4. Defendant's policies and practices deny minimum wages and overtime pay to servers/bartenders working at its restaurants. Defendant's failure to pay employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and state and common laws as further set forth below.

5. Plaintiffs work and/or previously worked as servers/bartenders for North Restaurants.

6. This lawsuit is brought as a hybrid collective and class action pursuant to 29 U.S.C. § 216(b) of the FLSA.

**JURISDICTION AND VENUE**

7. This court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

8. This Court has supplemental subject matter jurisdiction over the state and common law claims as set forth below under 28 U.S.C. § 1367, because the claims arising under state law are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

9. This court has personal jurisdiction over the Defendant as it is incorporated in and thus a citizen of Arizona. The Defendant can be served through its registered agent, Corporation Service Company, 7955 S. Priest Drive, Suite 102, Tempe, AZ 85284.

10. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) since Defendant resides in this judicial district, and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

**PARTIES**

11. Plaintiff Sharon McLellan was employed as a server/bartender at North Restaurants' North Italia location in Leawood, Kansas from approximately September 2022 until June 2023.

12. At all times relevant to this action, the restaurants compromising the North Restaurant Group were authorized to do business and were, in fact, doing business in the states of Alabama, Arizona, California, Colorado, the District of Columbia, Florida, Georgia, Kansas, Nevada, North Carolina, Pennsylvania, Tennessee, Texas, and Virginia.

13. At all times relevant to this action, North Restaurant Group was the employer of Plaintiff and all other similarly situated employees and is thus liable to Plaintiffs and all others similarly situated as an employer, joint employer, single employer, and/or otherwise, according to statutory and common law.

# COLLECTIVE AND CLASS ACTION ALLEGATIONS

14. Plaintiffs bring Count I, the FLSA claim for servers/bartenders, as an opt-in collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and of the following class of persons:

> All people employed as servers/bartenders by North Restaurants within three years of the commencement of this action, who did not sign a mutual agreement to arbitrate claims.

15. Plaintiffs bring their state and common law claims in Counts II and III as class actions pursuant to Fed. R. Civ. P. 23. Plaintiffs, individually and on behalf of others similarly situated, seek relief on a class basis challenging North Restaurant Group's practice of undercompensating Plaintiffs and others similarly situated. The Rule 23 classes under state law are defined as:

ALABAMA CLASS

> All North servers employed by Defendant in the state of Alabama within two years of the filing of this action.

ARIZONA CLASS

> All North servers employed by Defendant in the state of Arizona within two years of the filing of this action. Ariz. Rev. Stat. 23-362.

COLORADO CLASS

> All North servers employed by Defendant in the state of Colorado within three years of the filing of this action. Colo. Rev. Stat. 8-4-101 *et. Seq.*; Colorado Minimum Wage Order Number 32 ; 7 Colo. Code Regs. § 1103-1.

WASHINGTON D.C. CLASS

All North servers employed by Defendant in Washington, D.C., within three years of the filing of this action. D.C. Law 24-281

FLORIDA CLASS

All North servers employed by Defendant in the state of Florida within five years of the filing of this action. Fla. Const. Art X Sec 24; Fla. Stat. Sec 448-110, Fla. Stat. § 448.109.

GEORGIA CLASS

All North servers employed by Defendant in the state of Georgia within three years of the filing of this action. Ga. Code. Ann. 34-4-3.

NORTH CAROLINA CLASS

All North servers employed by Defendant in the state of North Carolina within two years of the filing of this action. N.C. Gen Stat. Sec 95-25, *et seq.*

PENNSYLVANIA CLASS

All North servers employed by Defendant in the state of Pennsylvania within three years of the filing of this action. 34 Pa. Code § 231.1, *et. seq.*

TEXAS CLASS

All North servers employed by Defendant in the state of Texas within two years of the filing of this action. Tex Lab. Code Ann. Sec 62.051, *et. seq.*

VIRGINIA CLASS

All North servers employed by Defendant in the state of Virginia within three years of the filing of this action. Va. Code Ann. § 40.1-28.10.; Va. Code Ann § 40.1-28.8 *et seq.*

NATIONWIDE UNJUST ENRICHMENT CLASS

All North servers employed by Defendant nationwide within three years of the filing of this action.

16. The class satisfies the numerosity standards in that the class numbers are well into the hundreds or thousands. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct and electronic mail as well as notice posted in the restaurant.

17. There are questions of fact and law common to the classes that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from North's actions include, without limitation, the following:

   a. Whether all class members were paid based on the "tip credit."

   b. Whether North was entitled to take from class members' tips a credit against minimum wages for some or all of the hours worked by the class members.

   c. Whether North recorded the amount of time spent performing non-tip-producing activities.

   d. Whether North knew or had reason to know its policies and compensation practices were unlawful.

   e. Whether North retained a benefit from such unlawful policies and compensation practices.

18. The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper, as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

19. The named Plaintiff's claims are typical of those of the class in that class members have been paid pursuant to the same compensation structure as the named

Plaintiff and were subject to the same or similar unlawful practices as the Plaintiff.

20. A class action is an appropriate method for the fair and efficient adjudication of this controversy. North has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for North, and/or substantially impair or impede the ability of class members to protect their interests.

21. The named Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class she seeks to represent. The interests of the members of the class will be fairly and adequately protected by the named Plaintiff acting as class representative and by her undersigned counsel, who have experience in employment and class action lawsuits.

22. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interests of efficiency and judicial economy.

23. The FLSA claim may be pursued by those who opt in to this case, pursuant to 29 U.S.C. § 216(b).

24. Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a collective basis challenging North Restaurant Group's FLSA violations. The number and identity of other plaintiffs yet to opt in and to consent to be party plaintiffs may be determined from the records of North, and potential class members may easily and quickly be notified of the pendency of this action.

25. To the extent required by law, notice will be provided to said individuals via first-class mail, email, and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## COUNT I
## Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

26. Plaintiff realleges the allegations as set forth above.

27. At all times relevant to this action, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

28. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

29. North is subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

30. At all times relevant to this action, North has been and continues to be an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

31. At all times relevant to this action, North has employed and/or continues to employ "employee[s]," including Plaintiff and all similarly situated employees.

32. At all times relevant to this action, North has had gross operating revenue in excess of $500,000 (Five Hundred Thousand Dollars).

33. Plaintiff was employed by North. During her employment, Plaintiff performed work for Defendants in the position of server/bartender.

34. During the statutory period, Plaintiff was paid an hourly wage of $2.13 or, in some cases, other rates below minimum wage so as to take a credit against tips received.

35. During her employment with Defendant, including during the statutory period, Defendant required Plaintiff Sharon McLellan to engage in non-tip-producing activities, such as rolling silverware, cleaning tables, and other side work for more than 20% of her time.

36. Prior to and during Plaintiff's employment, North Restaurant Group employed numerous other servers/bartenders who had the same job duties and compensation structure as Plaintiff. Similar to Plaintiff, those employees were also required to perform a significant amount of side work.

37. Plaintiff and all similarly situated employees have substantially similar job requirements and pay provisions, and they are subject to North's standard policy and practice of refusing to correctly pay minimum wages and overtime wages in violation of the FLSA.

38. Plaintiff and all similarly situated employees were required to complete extensive non-tip-producing activities before receiving their tip-outs. These tasks were only approved after management review. These tasks regularly included:

    a. Sweeping the entire restaurant and patio, including moving all tables to sweep underneath them.

    b. Restocking all alcohol at the bar.

    c. Putting away all glassware, which was delayed by reliance on a single dishwasher, often requiring over an hour of waiting. During this time, Plaintiff was directed to perform additional "deep cleaning" tasks, such as dusting vents or wiping down the legs of chairs.

    d. Wrapping server stations, bars, and glassware in plastic weekly due to cockroach treatments. This task alone took over an hour.

39. These duties, when done correctly as required by Defendant, could extend well beyond an hour each night. Plaintiff was not permitted to access her tip-out until all these tasks were complete, reinforcing the non-tip-producing nature of this work.

40. The FLSA requires employers such as North to pay all non-exempt employees overtime compensation, at a rate of not less than one-and-one-half times the minimum wage, for work performed in excess of 40 hours in a workweek.

41. Plaintiff and all similarly situated employees are not exempt from the right to receive the federal minimum wage and overtime pay under the FLSA and are not

exempt from the requirement that their employer pay them minimum wage and/or overtime compensation under the FLSA.

42. At all times relevant to this action, North had a policy and practice of failing to properly pay minimum wages because it has violated the rules for using the tip credit, including by requiring servers/bartenders to spend more than 20 percent of their time engaged in non-tip-producing activities. North also had a policy of not paying for all overtime hours worked.

43. Additionally, for at least part of the statutory period, upon information and belief, Defendants failed to provide the proper notice, pursuant to 29 C.F.R. § 531.59, to its employees paid under the tip credit that would permit them to take a credit against the Federal Minimum Wage requirements.

44. North's failure to properly compensate Plaintiffs and all others similarly situated under the tip credit rules and overtime rules constitutes a violation of the FLSA's minimum wage requirements, 29 U.S.C. §201, *et. seq.*

45. North's violation of the FLSA is continual in nature in that it continues to pay its servers/bartenders under the same unlawful policies and procedures that are set forth in detail herein.

46. North conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

47. North has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof,

COMPLAINT - 12

Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the court find Defendant did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

48. As a result of the aforesaid violations of the FLSA's tip credit and overtime pay provisions, proper minimum wage and overtime compensation have been unlawfully withheld by North from Plaintiff and all similarly situated employees. Accordingly, Plaintiff and all others similarly situated seek damages in the amount of all respective unpaid minimum wage and overtime, plus liquidated damages, prejudgment and post-judgment interest, and reasonable attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the court deems just and proper.

**WHEREFORE**, Plaintiffs and all similarly situated employees demand judgment against North and pray this court:

a. Issue notice to all similarly situated employees of North informing them of their right to file a consent to join the FLSA portion of this action.

b. Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b).

    c.    Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law.

    d.    Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by 29 U.S.C. § 216(b).

    e.    Issue a declaration that North has violated state and federal laws.

    f.    Award Plaintiff and all similarly situated employees such other relief as the court deems fair and equitable.

## COUNT II-XIV

**Ariz. Rev. Stat. 23-362; Colo. Rev. Stat. 8-4-101 et. Seq.; Colorado Minimum Wage Order Number 32 ; 7 Colo. Code Regs. § 1103-1; D.C. Law 24-281; Fla. Const. Art X Sec 24, Fla. Stat Sec 448.110; Fla. Stat. § 448.109; Ga. Code. Ann. 34-4-3 ; N.C. Gen Stat. Sec 95-25, et. seq.; 34 Pa. Code § 231.1, et. seq. Tex. Lab. Code Ann. Sec 62.051, et. Seq; Utah Code Ann. 610-1-3, 1-4; Utah Code § 34-40-104; Va. Code Ann. Sec 40.1-28.10; Code of Va. § 40.1-28.8 et seq.  ("State Wage Laws")**

49.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

50.    Plaintiff and the putative class were employed by the Defendant and were paid wages below the minimum wage pursuant to the state laws of Arizona, California, Colorado, the District of Columbia, Florida, Georgia, Kansas, Nevada, North Carolina, Pennsylvania, Tennessee, Texas, and Virginia.

51.    Said work often required Plaintiff and the putative class to work in excess of forty (40) hours per week.

52.    Plaintiff and the putative class were not properly compensated for this work at the applicable rate of pay.

53. Plaintiff and the putative class were treated as non-exempt employees by the Defendant.

54. Defendant employs/employed other employees at its restaurants who are/were paid below the minimum wage requirements and were treated as non-exempt employees under the wage statutes in Alabama, Arizona, California, Colorado, the District Of Columbia, Florida, Georgia, Kansas, Nevada, North Carolina, Pennsylvania, Tennessee, Texas, and Virginia. All such employees are hereby referred to as "similarly situated" employees, or "putative class members."

55. These "similarly situated" employees were compensated at a tip credit rate, regardless of activity and regardless of the fact they regularly spent more than 20 percent of their time performing non-tip-producing activities.

56. During the pertinent time periods, the proper rate of pay under the pertinent state law exceeded the state's tip credit rate.

57. Said work often caused "similarly situated" employees to work in excess of forty (40) hours per week. These "similarly situated" employees were not properly compensated for this work at the applicable rate of pay.

58. The state wage laws in Alabama, Arizona, California, Colorado, the District Of Columbia, Florida, Georgia, Kansas, Nevada, North Carolina, Pennsylvania, Tennessee, Texas, and Virginia require each covered employer, such as Defendant, to compensate all non-exempt employees for services performed at the proper rate of pay and to compensate them at a rate of not less than one and one-half times the regular rate

of pay for work performed in excess of forty hours in a work week.

59. These employees are similarly situated in that they are all subject to Defendant's identical compensation policies and plan that fails to compensate them full minimum wage for the time, including the time they spend engaged in non-tip producing activities that exceed 20 percent of their work.

60. These employees are also similarly situated in that they are all subject to Defendant's identical compensation policies and plan that requires them to pool their tips with non-tip earning employees.

61. This Complaint is brought and maintained as a class action for all state law claims asserted by the Plaintiff because her claims are similar to the claims of the putative class members.

62. The names and addresses of the putative class members are available from Defendant. The Defendant failed to compensate Plaintiff and the putative class members at the proper rate of pay, and therefore, Defendant has violated, and continues to violate, the State Wage Laws.

63. The Plaintiff, on behalf of herself and all similarly situated employees of Defendant who compose the putative class, seek damages in the amount of all respective unpaid minimum wages and straight time plus overtime compensation at a rate of one and one-half times the proper, and legal rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the state wage laws in Alabama, Arizona, California, Colorado, the District Of Columbia, Florida, Georgia,

Kansas, Nevada, North Carolina, Pennsylvania, Tennessee, Texas, and Virginia.

64. Plaintiffs seek back wages under state law and such other legal and equitable relief as the Court deems just and proper.

65. The Plaintiff, on behalf of herself and all similarly situated employees of Defendant who compose the putative class, seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant.

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed class members, prays for relief as follows:

a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members, apprising them of the pendency of this action;

b. Designation of Plaintiff as Representative Plaintiff, acting for and on behalf of the putative class members;

c. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d. An award of damages of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiff and the putative class by the Defendant;

f. Costs and expenses of this action incurred herein;

g. Reasonable attorneys' fees and expert fees;

h. Pre-Judgment and Post-Judgment interest, as provided by law; and

COMPLAINT - 17

i. Any and all such other and further relief as this Court deems necessary, just and proper.

### COUNT XV
### QUANTUM MERUIT/UNJUST ENRICHMENT

1. Plaintiff realleges the allegations as set forth above.

2. North Restaurants has been and is being enriched by making deficient payments for work performed by Plaintiffs and other similarly situated employees. North Restaurants has been and is being enriched at the expense of Plaintiffs and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

3. North Restaurants intentionally refused to pay Plaintiffs and other similarly situated employees at the proper rate for all hours worked. North Restaurants knows or should know the proper rate of pay for Plaintiffs and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of the North Restaurants.

4. It is unjust for North Restaurants to retain the benefits from the unpaid work performed by Plaintiffs and other similarly situated employees.

### TRIAL BY JURY REQUESTED

Plaintiffs request a trial by jury.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed class members, pray for relief as follows:

    a.    Designate this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members (the Unjust Enrichment class) to apprise them of the pendency of this action.

    b.    Designation of the named Plaintiffs, acting for and on behalf of the putative class members.

    c.    A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same.

    d.    An award of restitution of the full amount of the wage rate, less the amounts actually paid to Plaintiffs and the putative class by Defendants.

    e.    Prejudgment and post-judgment interest, as provided by law.

    f.    Any and all such other and further relief as this court deems necessary, just, and proper.

Respectfully submitted,

HKM EMPLOYMENT ATTORNEYS LLP

/s/ *John J. Ziegelmeyer III*
*John J. Ziegelmeyer III    MO No. 59042
Brad K. Thoenen            MO No. 59778
Kevin A. Todd              MO No. 73048
Ethan A. Crockett          MO No. 74921
1501 Westport Road
Kansas City, MO 64111
Tel: 816.875.3332

HKM EMPLOYMENT ATTORNEYS LLP

  /s/ *Sandra Jonas*
Sandra L. Jonas     AZ No. 035824
Shifa Alkhatib      AZ No. 031149
1 N. 1st Street, Suite 711
Phoenix, Arizona 85004
Tel: 480-930-4747
Fax: 480-930-4747

jziegelmeyer@hkm.com
bthoenen@hkm.com
ktodd@hkm.com
ecrockett@hkm.com
sjonas@hkm.com
salkhatib@hkm.com
www.hkm.com

**The Hodgson Law Firm, LLC**
By:  /s/ Michael Hodgson
*Michael Hodgson   MO Bar No. 63677
3609 SW Pryor Road
Lee's Summit, MO 64082
Tel: 816.600-0117
Fax: 816.600-0137
mike@thehodgsonlawfirm.com

*Pro hac vice motions forthcoming*